### 1936. COPELAND *v.* WILCOX.

The only material error committed during the progress of the case in the court below can be remedied by direction; therefore the case will not be unconditionally reversed, but will be affirmed with direction.

Foreclosure of mortgage, from city court of Cairo—Judge Singletary. May 5, 1909.

Submitted July 16,—Decided July 31, 1909.

*R. C. Bell,* for plaintiff.

*Ledford & Terrell,* for defendant.

POWELL, J. Copeland brought an action against Wilcox on a note and mortgage given for the purchase-price of two mules. The defendant's plea as finally amended set up that the plaintiff had represented and warranted that the mules were perfectly sound in every respect, and that one of them—the one of the greater value—was not sound, but was worthless; that soon after the trade had been consummated and the note and mortgage given,

the defendant, discovering this fact, tendered back the mules and demanded a rescission. He further set up that, the defendant having refused to take back the mules, he was obliged to keep them and care for them, and he had thus been put to expense greater in amount than the sum he had received from the use of the mule which was not worthless. The jury returned a verdict rescinding the sale, and awarding the defendant $50 damages against the plaintiff on account of the expense to which the defendant had been put in caring for the mules. There was a special demurrer to that portion of the defense in which the defendant set up that his expense in caring for the mules exceeded the value of the use of the sound mule, and the court overruled the special demurrer. This ruling was erroneous, for the allegations as to this item were entirely too vague, indefinite, and equivocal to withstand the specific attack. However, after examining the whole record, we find that except in this respect the trial was perfectly fair, and that the jury was fully authorized to find in favor of the plea of rescission. Full justice may, therefore, be reached in the case without an unconditional reversal, for if the defendant will write off the recovery which was awarded him for his expense, the error caused by the ruling on the special demurrer to this portion of the plea will be cured. We therefore affirm the judgment, on condition that the defendant will write off from his recovery the amount allowed in his favor by the jury; otherwise a new trial will result.            *Judgment affirmed, on condition.*