### SMITH v. THE STATE.

PER CURIAM. 1. The court charged the jury: "I charge you that a witness may be impeached by proof of general bad character; and if the witness be successfully impeached, the question of what weight should be given his testimony is one for the jury," upon which charge error is assigned upon the following ground: "The law being, the question of impeachment is one for the jury, and where the witness has been *successfully* impeached no weight should be given his testimony by the jury, unless corroborated by other evidence. Movant insists that the witness was successfully impeached, and his evidence was therefore entitled to no consideration by the jury; and that the charge complained of was therefore hurtful error to movant's cause." Upon the question of affirmance or reversal on this ground the court is equally divided, Fish, C. J., and Atkinson and George, JJ., being of the opinion the charge was error requiring the grant of a new trial. The judge instructed the jury as to the circumstances they might consider in passing on the credibility of witnesses; the instruction excepted to is the only reference in the charge to the impeachment of witnesses. Beck, P. J., and Hill and Gilbert, JJ., are of the opinion that it is an inaccurate charge, but that in view of the facts of the case and other portions of the court's charge it does not require the grant of a new trial. It is therefore considered and adjudged that the judgment of the court below stand affirmed by operation of law on this assignment of error.

2. The remaining assignments of error do not show cause for reversal, and are not of such character as require this court to deal with them in detail. The verdict is supported by evidence.

*Judgment affirmed.*

No. 1752. JUNE 22, 1920.

Indictment for rape. Before Judge Tarver. Bartow superior court. October 11, 1919

*A. W. Fite* and *J. R. Whitaker,* for plaintiff in error.

*Clifford Walker, attorney-general, J. M. Lang, solicitor-general,* and *M. C. Bennet,* contra.