## MYERS *v.* THE STATE.

GEORGE, J.    1. On the trial of the defendant, who was indicted for murder, the court charged the jury as follows: " In all criminal cases you are the judges of the law as well as of the facts, in the sense, however, that you take the law from the court, the facts from the witnesses, apply the one to the other and make up your verdict." *Held,* that the charge is not error requiring the grant of a new trial upon the ground that it excluded from the consideration of the jury certain documents introduced in evidence by the accused.

2. In one ground of the motion for new trial error is assigned upon the following charge: " Some evidence has been introduced relative to the alleged contradictory statements heretofore made by the witness, Tom Gore. I charge you that a witness may be impeached by proof of contradictory statements relative to matters connected with the case; and if the witness be thus successfully impeached, the question of what weight should be given to his testimony is one for the jury." Upon this assignment of error the Supreme Court is evenly divided, as in the case of *Smith* v. *State,* 150 *Ga.* 321 (103 S. E. 457), and the judgment of the trial court in overruling the motion for new trial on this ground stands affirmed by operation of law; though all the Justices agree that the charge given is inaccurate.

3 In *Childers* v. *State,* 52 *Ga.* 106, it was ruled that " in a case of felony, where the only witness implicating the prisoners in the crime was him-

self avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense, and that it is not sufficient that the witness is corroborated as to the time, place, and circumstances of the transaction, if there be nothing to show any connection of the prisoner therewith, except the statement of the accomplice." Applying this ruling, there was sufficient corroboration of the testimony of the accomplice to justify the conviction of the accused of the offense of murder. The court, therefore, did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 2419. AUGUST 12, 1921. REHEARING DENIED SEPTEMBER 15, 1921.

Indictment for murder. Before Judge Tarver. Bartow superior court. December 18, 1920.

*W. T. Townsend* and *Shipp & Kline,* for plaintiff in error.

*R. A. Denny,* attorney-general, *J. M. Lang,* solicitor-general, and *Graham Wright,* contra.