22965. DAVIS *v.* METROPOLITAN LIFE INSURANCE COMPANY.

180

DECIDED JANUARY 8, 1934.

*Paul H. Field, Mitchell & Mitchell,* for plaintiff.

*R. C. Pittman, Sapp & Maddox,* for defendant.

JENKINS, P. J.  The beneficiary brought suit upon a $1000 policy of life insurance, dated March 27, 1931, which contained a provision that, "if the insured within one year from the date of issue hereof die by his own hand or act, whether sane or insane, the liability of the company hereunder shall be limited to an amount equal to the premiums which have been received, without interest."  The sole defense was that the insured died from bichloride of mercury poisoning by her own voluntary act.  The answer further pleaded that the defendant "offered to return the amount of the premiums paid by the deceased, to wit, $29.80, and the same has been refused," and that "defendant is ready and willing at any time to return the said premiums paid, and holds the amount subject to the direction of the plaintiff."  Without directing or permitting the jury to return a verdict for the plaintiff for the amount of premiums admitted by the answer, the court directed a verdict generally for the defendant. The evidence clearly and conclusively showed that on December 9, 1931, the insured took bichloride of mercury tablets with suicidal intent, after writing notes showing such purpose and referring to the existence of her policy, from which poisoning she died on December 21, 1931.  Error is assigned by the plaintiff beneficiary on the general direction of the verdict, on the exclusion of the right to recover the $29.80 of premiums, and on the refusal to admit in evidence testimony as to dying declarations by the insured made just before her death, and other statements made at uncertain times after she had taken the poison, but not shown to have accompanied the act or to have been made soon thereafter,

that the tablets had been taken by accident in the place of aspirin, that she had not intended to kill herself, wanted the doctors to save her, and did not want to die.

1. The rule embodied in section 1026 of the Penal Code (1910), permitting the admission in evidence of certain dying declarations, has no application to civil cases. *East Tenn. &c. R. v. Maloy*, 77 *Ga.* 237(2) (2 S. E. 941). In order to admit statements of a person as to the cause of his own injury or death, by way of exception to the hearsay rule, they must be part of the res gestæ, and must either have accompanied the act or been "so nearly connected therewith in time as to be free from all suspicion of device or afterthought." Civil Code (1910), § 5766. "What the law altogether distrusts is not afterspeech but afterthought." Such admissibility does not depend upon any arbitrary time or any general rule for all cases, but is left to the sound discretion of the courts in determining from the time, circumstances, and statement in question, whether the declaration meets the legal requirement of being "free from all suspicion of device or afterthought." The court did not err in excluding the alleged dying declarations and statements of the insured as to the cause of her death, in the absence of any proper showing as to their admissibility.

2. On the sole issue under the pleadings and evidence, a finding was demanded that the insured voluntarily caused her own death, and that under the suicide clause of the policy the insurance company was not liable to the beneficiary except in "an amount equal to the premiums which have been received without interest." Since the answer admitted liability therefor in the amount of $29.80, alleged a tender and refusal, and that "defendant is ready and willing at any time to return the said premuims paid and holds the amount subject to the direction of the plaintiff," a verdict for that sum was demanded in favor of the plaintiff.

(*a*) The contention of the insurance company that the direction of the verdict without any recovery by the plaintiff was proper, because, under section 2500 of the Civil Code, "death by suicide, or by the hands of justice, either punitive or preventive, releases the insurer from the obligation of his contract," is without merit. The insurer had the right to waive the benefit of the statutory provision, and also to stand as it did and admit partial

liability, upon the express provision of the contract, under which it did not relieve itself from all liability, but "limited" it to "an amount equal to the premiums received without interest." *Murphy* v. *Metropolitan Life Ins. Co.*, 152 *Ga.* 393 (110 S. E. 178); *Bullard* v. *Metropolitan Life Ins. Co.*, 31 *Ga. App.* 641 (2, *a*) (122 S. E. 75); *Mutual Life Ins. Co.* v. *Durden,* 9 *Ga. App.* 797 (2, 6, 9) (72 S. E. 295).

(*b*) Nor is there merit in the contention that the tender and right of recovery was restricted to the personal representative of the insured rather than the beneficiary of the policy, since the quoted language of the policy itself gave such right to the beneficiary, and this right was not to a return of the premiums as such, but to recover "an amount equal" thereto. Under the admission of the defendant in its answer, the plaintiff was entitled to a directed verdict for $29.80 as a limitation upon and part of the $1000 face amount of the policy.

(*c*) "When a plea of tender is filed, the defendant should bring the thing tendered into court, or aver his readiness to do so." "A refusal of even a valid and continuing tender by a creditor does not relieve the debtor of all liability, such as would justify a rescission of his obligation to pay, but its effect, even when properly made and continued, is merely to protect the debtor from future interest and costs." *Ragan* v. *Newton,* 27 *Ga. App.* 534 (109 S. E. 412). Where a judgment is rendered against a defendant, "the amount of money paid into the clerk's office by the defendant, and which he admitted to be due, may be ordered to be credited upon the judgment." *Bennett* v. *Odom,* 30 *Ga.* 940 (2). In the instant case the mere plea of tender of the $29.80, admitted to be due to the plaintiff, not having been made good by a continuing tender and payment of the money into court, did not relieve the defendant from liability therefor or for the costs of the suit.

3. "The Court of Appeals is clothed with power to direct any order necessary for the proper adjudication of a cause. It may give any direction to a cause pending in the court below, which may be consistent with the law and justice of the case, including the power of directing a specific, final disposition of the case. But this power will not be exercised unless the discretion of the lower court has been improperly used or not exercised at all." *Finley*

v. *So. Ry. Co.,* 5 *Ga. App.* 722, 724 (64 S. E. 312); Civil Code, § 6205. Instead of ordering a new trial, the appellate court in a proper case will give specific directions for disposing finally of the litigation by a proper judgment. *Cobb* v. *Battle,* 34 *Ga.* 458 (9), 484; *Walker* v. *Dougherty,* 14 *Ga.* 653. Where a judgment is fundamentally right and correct, except only as to a manifestly small error of miscalculation, or as to a mathematically determinable item or amount, even though it may not involve the common procedure of writing off an amount from the judgment, and where the law and justice of the case do not require a new trial, the judgment may be affirmed on condition or with direction, so as to give effect to manifest law and justice. See *Walker* v. *Dougherly,* supra; *Davis* v. *Gurley,* 51 *Ga.* 74 (2); *County of Morgan* v. *County of Walton,* 121 *Ga.* 659 (49 S. E. 776); *Avery* v. *Thomason,* 10 *Ga. App.* 11 (72 S. E. 525); *Langston* v. *Neely,* 8 *Ga. App.* 67, 69 (68 S. E. 559); *Copeland* v. *Wilcox,* 6 *Ga. App.* 559 (65 S. E. 303). The defendant, under the evidence, having been entitled to the direction of a verdict in its favor except as to the $29.80, which it admitted and for which the plaintiff was entitled to a directed verdict by the pleadings, if the plaintiff shall receive this amount, the ends of justice will not require a retrial. Accordingly, if the defendant shall make good its pleaded tender by paying the $29.80 into the office of the clerk of the court for the use and benefit of the plaintiff, at or before the time when the judgment of this court is made the judgment of the court below, the judgment of the trial court will be affirmed, otherwise it will stand reversed for a new trial in accordance with this decision.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*