24769.   EVANS *v.* ODUM.

454

DECIDED JANUARY 29, 1936.

W. C. *Little,* H. O. *Farr,* for plaintiff in error.
*Krauss & Strong,* A. A. *Nathan,* contra.

JENKINS, P. J.   Odum brought a bail trover proceeding for the recovery of a diamond ring of the alleged value of $1,400.   The defendant, Miss Evans, gave bond under the statute for double the amount claimed.   The answer denied the essential allegations of the petition and set up that defendant made a loan to the plaintiff with the written stipulation that "if said loan was not repaid on or before a certain date therein named, title to said property was to vest in the defendant without any further conveyance of any kind or character;" that the plaintiff did not redeem the ring "within the time stipulated, and did not make any offer to do so until approximately 12 months after the expiration thereof; that in the meantime the defendant had disposed of said property under the title which she held in and by said written contract  .   and said property is not now in her possession."   The written contract in evidence recited that the defendant was "in possession" of the ring, "the property of" the plaintiff, which the defendant had redeemed for him from a named finance company; that the defendant agreed "at any time, and within 12 months from this date,

that is, by or before May 12, 1933, to turn over and surrender [the ring], to said [plaintiff], upon payment to [defendant] of the sum of $285.60;" and that "should the said ring not be redeemed within said time by [plaintiff], then the said diamond ring above described shall become [defendant's] property absolutely, without any further legal steps taken to vest the title of said personal property absolutely in" defendant. This contract was signed by the defendant followed by the words, "Holder of said diamond ring;" and by the plaintiff followed by "Present owner of said ring." At the beginning of the trial, on November 20, 1934, the plaintiff tendered in court and paid to the clerk $310 in cash, as a payment of defendant's debt against the ring. The plaintiff testified that he had tendered to the defendant, before suit was filed, the amount due under the contract, and offered other testimony, corroborated by two witnesses, that he had on two occasions in the spring of 1934 arranged with the defendant to meet her, and for her to receive the money and deliver the ring, but that she failed to come. The defendant denied that the plaintiff had ever at any time paid or tendered any amount to her. The court directed a verdict for the plaintiff. The defendant excepts to the refusal of a new trial, on the general grounds, and because the court erred in holding that the plaintiff had a right to redeem the property until his rights were foreclosed by the defendant, irrespective of the contract provision that upon default, absolute title should vest in the defendant. Exception is taken to the direction of the verdict on the ground that "the evidence in said cause presented an issue of fact as to whether tender had been made on or before May 12, 1933 [the maturity of the debt], as provided for in said contract, and said issue should have been submitted to the jury for determination."

1. "A pledge, or pawn, is property deposited with another as security for the payment of a debt. Delivery of the property is essential to this bailment," except that instruments "symbolic of property may be delivered in pledge." Code of 1933, § 12-601. "The general property in the goods remains in the pawner, but the pawnee has a special property for the purposes of the bailment." Code, § 12-602. In a chattel mortgage, possession generally is not delivered to the creditor. Under our statutes this is the chief distinction between a mortgage and a pledge or pawn. The instru-

ment under which the diamond ring in question in this bail trover proceeding was delivered by the plaintiff to the defendant, subject to redemption on payment by May 12, 1933 of $285.60 (the defendant describing herself as "holder of said diamond ring," and the plaintiff, as "present owner of said ring"), was a contract of pledge or pawn, and not one of mortgage, absolute sale, or conditional sale. Only a defeasible title vested in the pledgee, the general property and right to redeem the ring remaining in the pledgor, subject to the pledgee's rights under the instrument and the statutes relating to pledges. The court properly treated the contract as one giving to the plaintiff a continuing right of redemption.

2. From the earliest times, also under our Code, a pledge has remained essentially similar to the old common-law mortgage, which vested title in the mortgagee, subject to defeasance under the equity or right of redemption remaining in the mortgagor. This right of redemption is an inherent right, which courts of law and equity have jealously guarded, and have uniformly held can not be surrendered or waived by the terms of the original contract itself. There can be no valid provision in such an instrument or a contemporaneous writing which can operate to effect an automatic foreclosure of the debtor's equity of redemption and vest absolute title in the mortgagee or pledgee merely by a failure of the debtor to pay the debt at its specified maturity. 49 C. J. 975, 976, § 192, and cit.; 11 C. J. 577, 739, 743, § 580, and cit. 42 C. J. 343-345, 348-350, §§ 2069, 2072, 2075, and cit. Where the debt is due and unpaid, under our statute, the pledgee may sell the property at a fairly conducted public sale to the highest bidder, as one method of extinguishing the pledgor's right to redeem; but he must always give a 30-day notice to the pledgor of such intention to sell, "unless otherwise provided by contract," as to a private sale, a shorter notice, or a waiver of notice. Code, § 12-609; *Thornton* v. *Martin,* 116 *Ga.* 115 (3, 4), 119 (42 S. E. 348); *Southern Exchange Bank* v. *Langston,* 33 *Ga. App.* 477, 478 (127 S. E. 230); *Vann* v. *Kimbrel,* 32 *Ga. App.* 275, 278 (123 S. E. 168); *Hall* v. *Vann,* 32 *Ga. App.* 281 (123 S. E. 172); 49 C. J. 1001 § 254. In the instant case, the alleged waiver or release by the pledgor in the instrument of pledge of his right of redemption being invalid or ineffective, and there being no waiver of the re-

quired statutory notice and no authority to make a private sale, the defendant pledgee, on default, acquired neither an absolute title with a right to dispose of the property, nor any right to sell at private sale, either with or without notice to the pledgor, so as to divest the general property remaining in the pledgor. Such a sale, being in violation of the essential right of the pledgor to regain possession of the property on payment of the debt, would amount to a conversion.

3. Upon a proper tender by the pledgor of the amount due to the pledgee, the lien of the pledgee is discharged, although the debt itself remains, if the tender is refused. *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (7, *b*), et seq. (47 S. E. 639) ; *McCalla* v. *Clark,* 55 *Ga.* 53. Payment or a valid tender are necessary as a prerequisite to the right of a pledgor to recover the property in trover from the pledgee, unless there has been an avoidance of the essential conditions, terms, or the very basis of the pledge, by the pledgee's illegal sale of the property, so as to render it impossible for him to fulfil his obligation to return it on payment of the debt. Where there has been such a conversion, the pledgor is relieved from his duty of tender as a condition precedent to a trover action, although it is proper, if not necessary, for him to tender into court the principal and interest, so that, if his action be successful in actually obtaining the property or its value, under an alternative verdict, or its value after judgment upon a replevy bond given by the defendant in a bail proceeding, the right of the defendant to be reimbursed to the extent of his money loss, if he has not already received the amount of his debt from his previous sale, may be conserved. See *Lucketts* v. *Townsend,* 3 Tex. 119 (49 Am. D. 723) ; *Feige* v. *Burt,* 118 Mich. 243 (77 N. W. 928, 74 Am. St. R. 390, 393) ; *Meyer Drug Co.* v. *Matthews,* 69 Ark. 483 (64 S. W. 264) ; *Aulwes* v. *Farmers Bank,* 44 S. D. 92 (182 N. W. 528) ; *Lumber Co.* v. *Gray,* 19 Colo. 149 (34 Pac. 1000, 24 Am. St. R. 797, notes) ; *Johnson* v. *Robbins,* 20 La. Ann. 569; *Murray* v. *Farmers Bank* (Mo. App.), 206 S. W. 577; *King* v. *Boerne State Bank* (Tex. Civ. App.) 159 S. W. 433, 437; 49 C. J. 953, 954, 968-975, §§ 121, 169-175, 194, 185, 189. The defendant in her answer having set up that she had disposed of the pledged property under her claim of absolute title, and that the property was not in her possession, and having thus shown a conversion,

the plaintiff was relieved of the duty of proving a tender of the amount of the debt prior to filing suit. The rights of the defendant would have been fully conserved, if the plaintiff had paid the *full* principal and interest to the clerk of the court, to await the developments of the suit, if it should subsequently appear that the defendant was entitled to the money, after the plaintiff actually received the property or the amount of its proven value, under the verdict and judgment in the trover action, or actually received the value of the property under a recovery on the bail bond of the defendant, conditioned to produce the property or cause it to be produced and forthcoming, "to answer the judgment that may be rendered in said case;" provided that the defendant, under her admitted disposal of the property, had not already received the amount of her debt from the proceeds of a sale. But even if a tender of the debt prior to the suit had been necessary, the exceptions on the question of tender are without merit. The plaintiff testified that he had offered to pay the debt and demanded the ring before the suit was filed, that he went to the home of the defendant with other witnesses who corroborated his testimony, that he arranged with her to meet him on the following day to receive the money and surrender the ring, but that she failed to come. Under the general grounds a verdict for the plaintiff was thus authorized, although the defendant denied any such tender or the making of such an arrangement. As to the direction of the verdict, the sole exception is that there was testimony presenting the issue "whether tender had been made on or before May 12, 1933," the date of maturity of the debt. There is no exception to the direction of the verdict on the ground that there was any conflict in the evidence of a tender between the time of maturity of the debt and the time of filing suit, in May, 1934, the plaintiff testifying that such a tender was made.

4. This court has the power to "give any direction to a cause pending in the court below, which may be consistent with the law and justice of the case, including the power of directing a specific, final disposition of the case. . . Where a judgment is fundamentally right and correct, except only as to a manifestly small error of miscalculation, or as to a mathematically determinable item or amount, even though it may not involve the common procedure of writing off an amount from the judgment, and where

the law and justice of the case do not require a new trial, the judgment may be affirmed on condition or with direction, so as to give effect to manifest law and justice." *Davis* v. *Metropolitan Life Ins. Co., 48 Ga. App.* 179, 183 (172 S. E. 467). The plaintiff recognized the indebtedness due to the defendant under the contract of pledge by tendering in open court and depositing with the clerk $310. There was no dispute that the principal of $285.60 remained unpaid from the date of its maturity, May 12, 1933 to the date of trial, November 20, 1934. Interest at 7 per cent. to that date amounted to $30.42, making a total then due of $316.02. The $310 deposit was thus $6.02 less than the correct amount. If the plaintiff, at or before the time when the judgment of this court is made the judgment of the trial court, shall make good his tender of the admitted debt by paying this deficiency to the clerk of the trial court, to be added to the amount previously deposited, for the use and benefit of the defendant, subject to the order of the court disposing of the entire sum as the rights of the parties shall finally appear, after return of the writ of possession issued under the judgment for the property, or after final determination and collection of the value of the property on the bail bond filed by the defendant, the judgment refusing a new trial is affirmed; otherwise the judgment is reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*