28724. MISHOE *v.* DAVIS *et al.*

Decided March 17, 1941. Rehearing denied April 1, 1941.

*E. W. Maynard, E. T. Gammage, S. G. Jones,* for plaintiff.
*Martin, Martin & Snow,* for defendants.

Felton, J. Fred Mishoe sued O. F. Davis and the American Casualty Company for damages alleged to have resulted from the homicide of his wife by the negligence of an employee of Davis, who was engaged as a motor freight carrier over the highways of the State. The American Casualty Company was Davis's insurer.

The petition as amended was in four counts. Count 1 alleged substantially, that on April 5, 1937, the plaintiff's wife was riding in an automobile as the guest of Mr. Boyd Fink in Bibb County; that when the automobile reached a point near the intersection of Main and Broad Streets in Macon, going in the direction of the business section, it struck the rear end of a truck of Davis, which was being driven by a negro, George Duhart; that there were no lights of any kind on the truck at the time of the collision; that the truck was parked on a hill with the front end of the truck on its extreme right side of the roadway, and the back end was near the center of the road, in violation of the parking laws of Georgia; that Davis and Duhart were negligent, in that they violated rule 38 of the Georgia Public Service Commission, in that the truck was not equipped with lights clearly visible for a distance of not less than one hundred feet from front and rear; in that the truck did not have at least two lights of approximately equal candle power mounted on the front right and left sides thereof, in that the truck was not equipped and did not have burning on its rear and to the left of the axis thereof a red light visible for a distance of at least one hundred feet, in that the vehicle was not equipped with a stop light as required by the rule of the Georgia Public Service Commission, in that the truck was not equipped with lights designed to show its total length and width, in that the truck was parked within the limits of Macon without having any lights on either truck or trailer, in violation of the State law and an ordinance of the City of Macon which provide that there must be lights on the front and rear of all motor vehicles, in that the truck was parked within eight feet of the center line of the street in violation of a State law; in that there were no lights burning on the truck or trailer as required by the State law and ordinance of the City of Macon, and in that they failed to give warning to petitioner's wife of the parked truck and trailer; and that at the time of the collision there was a car approaching the truck and passed about that time. Count 2 alleged that the lights on the rear of the trailer could not be seen by one approaching from the rear because they were covered with mud and dirt. Count 3 alleged that Davis violated rule 39 of the Georgia Public Service Commission which provides that no motor carrier shall cause or allow any driver or operator of a motor vehicle to work for a longer period than ten hours,

and that whenever a driver shall have been continuously on driving duty for ten hours he shall not be permitted to again go on driving duty until he has had ten consecutive hours off duty; that the rear end of the trailer was equipped with only two lights when the law and the rules of the Georgia Public Service Commission require that it shall be equipped with four lights, to wit, a tail light, one light on each corner at the rear, and a light illuminating the registration plate. Count 4 alleged that the truck was moving not exceeding five miles an hour in violation of an ordinance of the City of Macon which provides that no motor vehicle within the city limits shall operate at a speed of less than fifteen miles an hour, and that the trailer was not equipped with a stop light as required by law.

The defendants answered denying the allegations of the petition. By amendment the defendants alleged that the collision was due solely to the negligence of Boyd Fink, the driver of the car in which the plaintiff's wife was riding; that he was driving in excess of twenty-five miles per hour in violation of an ordinance of the City of Macon, and that he was looking in some direction other than that in which he was driving, in violation of an ordinance of the City of Macon. The evidence was in conflict on the questions involving the liability of the defendants. The jury returned a verdict for the defendants. The plaintiff excepted to the overruling of his motion for new trial. Facts will be discussed when necessary in the rulings made on the questions raised in the motion.

1. As the judgment is reversed on other grounds, the assignments of error in special grounds 1, 2, and 2A of the motion will not be passed on, as the matters complained of will not likely occur on another trial.

2. It was not error to refuse to give a requested charge to the effect that parking the truck within eight feet of the center line of the highway would be negligence per se for the reason that the part of the road where the collision occurred was within the corporate limits of the City of Macon. *Payne* v. *A. B. C. Truck Lines,* 189 *Ga.* 112 (5 S. E. 2d, 241). The contention of the plaintiff in error that in deciding that case the Supreme Court did not have before it the act of 1937 (Ga. L. 1937, pp. 1081, 1083) is not well taken. The Supreme Court in its opinion stated: "But on proper construction it does not include a street in the corporate

limits of a municipality, *even though such street forms a part of a State-aid road or highway.*" (Italics ours.) It would be idle for this court to certify this question again.

3. The court refused to give in charge the following request: "I charge you that if you believe from a consideration of the evidence that there were no lights on the truck and trailer at the time and place complained of, I charge you that this would be negligence per se, and if you further believe that this negligence was the proximate cause of the death of Mrs. Mishoe, the plaintiff would be entitled to recover, provided Mrs. Mishoe could not have avoided the consequences of the defendant's negligence, if the defendant was negligent, at the time it became apparent, or she could have discovered the same by the exercise of ordinary care and diligence." Without considering whether the request was otherwise improper, it was not adjusted to the evidence in that there was no testimony which would have authorized the jury to find that Mrs. Mishoe could have avoided the consequences of the driver's negligence. As the case is being reversed on other grounds the question whether a refusal to give this request to charge was such error as would require a new trial is not decided.

■ The court refused to give the following requested charge: "I charge you if you believe from a consideration of the evidence that the truck owned and operated by the defendant Davis did not have on the rear thereof and to the left of the axis thereof one light capable of displaying a red light visible for a distance of at least 100 feet behind such vehicle, provided that when a vehicle is used in conjunction with a trailer, only the trailer shall be required to carry such lights, that would be negligence per se, and if you believe that such negligence was the proximate cause of the death of Mrs. Mishoe the plaintiff would be entitled to recover, provided Mrs. Mishoe could not have avoided the consequences of the negligence of the defendant Davis, or his driver Duhart, after said negligence, if they were guilty of negligence, became apparent or she could have discovered the same by the exercise of ordinary care and diligence." What is said in division 3 applies to the exception to the refusal to charge this request.

■ It was not error to refuse a request to charge the following: "I charge you if you believe from a consideration of the evidence that this trailer in question did not have a stop light on the rear

thereof this would be negligence per se, provided you believe it was practicable for it to have had a stop light thereon; and if you further believe there was no stop light and that it was practicable for such a light and that a failure to have such a light was the proximate cause of Mrs. Mishoe's death, I charge you that the plaintiff would be entitled to recover, provided Mrs. Mishoe could not have avoided the negligence of the said Davis and Duhart, if they were negligent, by the exercise of ordinary care and diligence, after their negligence became apparent, if they were negligent, or she could have discovered the same by the exercise of ordinary care and diligence." The evidence was that a stop light is a light on the rear of a vehicle which is illuminated by a footbrake when the vehicle is being stopped. The evidence shows that the collision occurred either while the truck was standing still or in full motion, that is, not in the process of being stopped. Therefore the failure to have a stop light could not have been an act of negligence contributing to the collision.

■ It was not error for the court to refuse to charge the following request: "I charge you that all motor vehicles licensed to transport property shall be equipped with lights designed to show the total length and width of said vehicle in addition to the usual lights now required by law. If you should believe that this trailer in question did not have, in addition to the usual lights required by law, lights designed to show the total width and length of said trailer, this would be negligence per se, and if you believe this negligence, if the said Davis or Duhart were negligent, was the proximate cause of the death of Mrs. Mishoe, I charge you that the plaintiff would be entitled to recover, provided Mrs. Mishoe could not have avoided the consequences of the negligence of the said Davis or Duhart, if they were negligent, after the same became apparent or she could have discovered said negligence by the exercise of ordinary care and diligence." The applicable rule of the Georgia Public Service Commission, in evidence, provides: "All motor vehicles licensed to transport property shall be equipped with lights designed to show the total length and width of said vehicles in addition to the usual lights now required by law. Said lights shall be so designed as to show green to the front end of said vehicles and red to the rear end of the vehicles; shall not be less in size than the usual parking lights, and shall be so arranged as to light simul-

taneously with the lighting of the usual headlights on said vehicles; said lights to be maintained to the extent that they shall be in condition at all time for lighting such vehicles while in operation between sundown and sunup. The purpose of this requirement is to give warning of the extreme projection of the vehicle, whether the extreme projection be the fenders or the body of said vehicle." This rule does not require lights on a trailer alone showing its length. The request did not follow the rule.

■ The court refused a request to charge the following: "I charge you if you believe that the driver of the car approaching the Plymouth at the time and place complained of was negligent, and if you believe that the driver of the truck, Duhart, was negligent, and that the combined negligence of both of them was the proximate cause of Mrs. Mishoe's death, I charge you the plaintiff could recover from the defendants, provided Mrs. Mishoe could not have avoided the consequences of the negligence of the said driver of the car approaching the Plymouth and Duhart, or that she could not have discovered the negligence of the said parties, if they were negligent, by the exercise of ordinary care and diligence." What is said in division 3 applies to the exception to the refusal to give this request to charge.

■ It was not error to refuse a request to charge as follows: "I charge you if you believe that Boyd Fink and Duhart were guilty of concurring negligence, the fact that Boyd Fink, if it is a fact, was guilty of more negligence than Duhart, would not be a bar to recovery on the part of the plaintiff unless you believe the deceased could not have avoided the consequences of the negligence of the said Duhart and Fink, if they were negligent, by the exercise of ordinary care and diligence after their negligence became apparent to her, if they were negligent, or that she could have discovered the said negligence by the exercise of ordinary care and diligence." Without undertaking otherwise to determine whether the request was proper, it was not a correct statement of the law as to the effect of the negligence of Mrs. Mishoe. The second "not" in the request makes the meaning of the request just the opposite from what the law is, assuming for the sake of argument only that the rest of the request was proper.

■ There is no merit in the assignments of error contained in special grounds 10, 11, 12, and 13 of the motion.

■

■ The court erred in charging the jury as follows: "Whether or not a witness has been successfully impeached is a question for you to determine, after a consideration of all of the evidence adduced upon the trial. Even though a witness has been attacked. if the testimony of that witness has been corroborated by other evidence or by proof of such witness's general good character, it is for the jury to finally say what force, credit and weight it will give to such witness's testimony." Mrs. McCord testified that she would not believe one of the plaintiff's witnesses under oath. This plaintiff's witness swore to certain facts which were also sworn to by other witnesses. The jury might have believed these facts solely for the reason that the witness swore to them. In that event the witness's testimony would not have been corroborated. Further, there was no evidence to establish this witness's good character. The charge was error, because it tended to lead the jury to believe that it had no discretion to believe the witness unless she was corroborated or there was evidence of her good character, which is not the law under the facts here. Code, § 38-1806. The fact that the court elsewhere stated the correct principle is immaterial.

14. There is no merit in the assignment of error contained in ground 15. A like contention was ruled on in *Pollard* v. *Boatwright*, 57 *Ga. App.* 565(7) (196 S. E. 215).

15. The court charged the jury as follows: "Now, gentlemen, in order to entitle the plaintiff to recover in this case, he must prove by a preponderance of the evidence that the defendant, his agent or employee was negligent in at least one of the particulars set out in the petition and amendments thereto, and that such negligence was the proximate cause of the death of his wife. It is not necessary for the plaintiff to prove that the defendant was negligent in all of the particulars set out in the petition." The exception is that it confined the issue as to the plaintiff's right to recover to the question of the negligence of the defendant as the sole proximate cause of the injuries, and did not submit to the jury the question whether the negligence of Boyd Fink and another and the defendants combined and together proximately caused the injuries. There was no evidence to authorize a finding that an approaching automobile driver's negligence contributed to the injury. As the case is being reversed on other grounds, this assignment of error will not be passed on. Suffice it to say that the question of liability

of the defendant because of his alleged negligence, which, together with Boyd Fink's alleged negligence might have combined in proximately causing the injury, should have been submitted to the jury.

16. It was not error for any reason assigned for the court to charge as follows: "Should you find, gentlemen, that there was negligence by both parties, that is the defendant and the deceased, which was concurrent and contributed to the alleged injuries, but that the deceased's negligence was less than the defendant's negligence, a recovery by the plaintiff would not be barred, but his recovery should be diminished by an amount proportioned to the amount of fault attributable to the deceased; provided, however, that by the exercise of ordinary care and diligence the deceased could not have avoided the consequences of the defendant's negligence, if the defendant was negligent, after it became apparent or in the exercise of ordinary care could have been discovered by her." The only exceptions are to the effect that the excerpt does not take into consideration the fact that the plaintiff would be entitled to recover if the combined negligence of the defendant and another, or other parties, proximately caused the collision. The charge was a correct principle of law so far as the assignment of error made is concerned, and the assignment is not sufficient to raise the question that the court erred in not giving another appropriate and correct charge.

17, 18. The ruling in division 16 of this opinion applies to the exception to the following charge: "If the wife of the plaintiff in this case, by the exercise of ordinary care, could have avoided the consequences to herself caused by the negligence of the defendant, if the defendant was negligent, where that negligence became apparent to her, or by the exercise of ordinary care on her part she could have become aware of it, the plaintiff is not entitled to recover. However, if the deceased, by the exercise of ordinary care, could not have avoided the injury to herself caused by the defendant's negligence, then, notwithstanding that you should find that she may have been partly at fault, if her negligence was less than the defendant's negligence, the plaintiff would be entitled to recover, but the amount of the verdict in his favor should be diminished in proportion to the amount of fault attributable to the deceased; but if the negligence upon her part was equal to or greater than the defendant's negligence the plaintiff would not be entitled

to recover. Where two or more parties are negligent and the negligence of both jointly and concurrently produce an injury to a third party, such third party may recover against either one or both of such negligent parties; provided that such third party was not guilty of such contributory negligence as to bar a recovery under the rules of law I have heretofore given you with respect to the negligence on the part of the plaintiff (in this case the deceased), and by the exercise of ordinary care and diligence could not have avoided the consequences of the defendant's negligence."

19. The following charge was not error for any reason assigned: "I charge you that if you find the defendant was negligent in one or more of the particulars set out in the petition and amendments thereto, and that such negligence was the proximate contributing cause of the collision complained of, regardless of how slight that negligence might have been, and regardless of how great the negligence of Boyd Fink or some other party, the plaintiff would nevertheless be entitled to recover against this defendant; provided the deceased's negligence, if any, was less than the defendant's negligence, if any, and provided also that the deceased, by the exercise of ordinary care and diligence, could not have avoided the consequences of the defendant's negligence after it became apparent, or should have become apparent to her." The contention is that when two joint tort-feasors are charged with concurring negligence contributing to an injury the plaintiff would be entitled to a judgment against both tort-feasors in spite of the fact that the plaintiff was guilty of more negligence than one of the defendant tort-feasors. We do not think this is the law. No plaintiff is entitled to a judgment against a tort-feasor to whose negligence plaintiff's negligence is equal.

20. The court did not err in charging as follows: "However, should you find that the deceased was injured solely by reason of negligence on the part of Boyd Fink, the driver of the car, and that such negligence was the sole, direct, and proximate cause of her injuries, then I charge you that the plaintiff would not be entitled to recover against this defendant, even though you find that the defendant was negligent in certain particulars." The excerpt does not contain an intimation that the negligence of the defendant in certain particulars was not actionable or not supported by any evidence. It simply means that the jury was authorized to find

that the sole cause of the injury was due to the negligence of Boyd Fink, and that it could find that some of the acts of negligence charged, even if proved, did not contribute to the injury.

21. The court erred in charging as follows: "Gentlemen, a person riding as a guest may, until she has notice to the contrary, assume that neither the driver nor other upon the highway will be negligent, and may also assume that the driver will exercise proper care to avoid negligence of others; but while the negligence of the host is not imputable to the guest, a guest can not close her eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and if there is a danger from either cause and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever in the opinion of a jury a person of ordinary prudence would or should do in the same or like circumstances." The evidence did not authorize such a charge. W. C. Fink testified: "I saw the truck before we hit it. We could not have been over forty feet from it because on account of the fog the visibility was not more than forty feet; it was a very foggy night. . . There were no lights on the truck. There were no lights on either side, nor at the top. It just looked like the back of a house; no light visible of any kind. . . The truck was not moving at all when I saw it. The back wheels distinctly were standing still; they were not moving. In that interval of forty feet I had time to change my position completely." Miss Maxine Tarrent testified: "I first realized that we were liable to have some trouble when he tried to pass the truck and pulled back to the right of the road. At that particular time we were right up on that truck, pretty close to it, but I don't know what distance ten feet would be. From the time I felt it swerve back in there until the time we hit, I would not say it was instantaneous, but those things happen quick. . . There were no lights on that truck. The truck was not moving when our car collided with its rear end." Margaret Johnson testified: "The truck when I saw it was standing still. Mr. Boyd Fink put his foot on the brake and swerved to the left to avoid the truck, but a car coming over the hill caused him to have to turn back to the right after he saw he could not have gotten by the truck because of the fact that it was so far out in the middle of the road. If the car had not been coming I don't

think he could have gotten by the truck; it was too far out in the road. . . The first notice I had of it was when the truck loomed up in front of us and the next thing I remember I was in the hospital, . . but had there been lights there would have been a reflection and I would have seen them. There were no lights on it." There is no evidence from which the jury could have found that Mrs. Mishoe, who was on the back seat, could have avoided the injury, after she could have discovered any negligence, by the exercise of ordinary care.

22. The court erred in charging the jury as follows: "If you find that the driver of the car in which the deceased was riding was under the influence of intoxicating liquor and incompetent to drive, and that fact was known to the deceased, or in the exercise of ordinary care she could have known it, and that the deceased in riding with the driver under such circumstances failed to exercise ordinary care for her own safety, and her failure to do so was the direct and proximate cause of her injuries, the plaintiff could not recover." The evidence did not authorize such a charge. Three occupants of the car swore that Boyd Fink was not under the influence of intoxicating liquor at the time of the collision. A man named Green swore that at about 9:30 that night Boyd Fink was not under the influence of liquor when he saw him. Three witnesses who were at the roadhouse where the occupants of the car were shortly before the collision swore that neither Boyd Fink nor any member of the party was under the influence of whisky. W. C. Fink swore that Boyd took a drink of whisky about five o'clock that afternoon, before he ate dinner. The only other time the evidence showed Boyd Fink took a drink of any intoxicant was that he drank a bottle of beer about 10:30 p.m. The evidence did not authorize a finding that Mrs. Mishoe was negligent in not knowing that Boyd Fink was under the influence of intoxicating liquor at the time the party left the roadhouse for Macon, about midnight, and in riding in the car with him.

23. The court did not err in giving the following charge: "I charge you, gentlemen, that you shall give no consideration to the interpretation of the rules of the Public Service Commission placed upon them either by witnesses or counsel. It is the duty of the court to construe and define to you the rules of the commission, and you should be governed in your deliberation by the construc-

tion of these rules given you by the court, and you should not be influenced by the construction placed upon them by witnesses or counsel in this case." The complaint is that the judge did not explain the rules to the jury. A charge, proper in itself, will not be held to be erroneous because the court failed to make another appropriate charge.

24. For the reasons stated in division 22 of this opinion it was error to charge as follows: "The State law further provides that no person shall operate a motor vehicle or motorcycle upon any public street or highway while under the influence of intoxicating liquors or drugs. In the eyes of the law, gentlemen, the driver of an automobile is under the influence of intoxicating liquor or beverages when he is so affected by intoxicating liquor or beverages as to make it less safe for him to operate an automobile than it would be if he were not so affected."

25. There is no merit in the assignment of error contained in ground 26 of the motion.

26. As the alleged error complained of in ground 27 of the motion will not likely occur on another trial, the question raised will not be passed upon.

27. It was not error, harmful to the plaintiff, for the court to charge as follows: "I charge you, gentlemen, that municipal ordinances must be given a reasonable construction, and if you find that by reason of the steepness of the grade the defendant's truck was not traveling as fast as fifteen miles per hour in ascending the hill upon which the accident happened, and you find it was not reasonably practicable for such truck to do so, and such truck was being operated in a proper manner, it would not be a violation of the ordinance relating to the speed of automobiles as being less than fifteen miles an hour, which ordinance is in evidence and will be out with you." The ordinance referred to is as follows: "Section 34. It shall be unlawful for any person operating a vehicle of any kind on the streets of this city to drive vehicle at a rate so abnormally slow as to retard, impede, interfere with or block traffic, or between intersections at a speed of less than fifteen miles per hour." The sole purpose of the ordinance is to facilitate and speed traffic.

28. It was error to refuse to admit testimony of Miss Maxine Tarrent to the effect that if there had been any lights on the back of the truck to indicate its width or length she would have seen

them. She had previously testified that she did not see them. The rejected testimony was another form of negative testimony, in the nature of an opinion, and was admissible. *Killian* v. *Georgia Railroad Bank & Trust Co.*, 97 *Ga.* 727 (25 S. E. 384).

29. It was not error to admit the testimony of Miss Tarrent, to the effect that she refused to give her name and details of the collision to a public officer, over the objection that it was hearsay. There was no evidence that the witness made any statement at all to the officers. Silence is not hearsay. Whether the evidence was otherwise inadmissible is not before us for determination.

30. The court did not err in refusing to admit in evidence the notes, found near the dead body of Boyd Fink the morning after the collision, containing the following messages: "Forgive me. I love you." "God only knows it wasn't my fault." "Lots of love. Fink." "The reason I do this is because I love you. B. W. F." The notes were said to have been in Boyd Fink's handwriting. In the first place the evidence was hearsay. In the second place, it was not certain that involvement in the wreck was what was referred to. The notes were not dying declarations, but if they were they would not be admissible in a civil case under an exception to the hearsay rule. *East Tennessee, Virginia & Georgia Railroad* v. *Maloy*, 77 *Ga.* 237 (2 S. E. 941); *Davis* v. *Metropolitan Life Insurance Co.*, 48 *Ga. App.* 179 (172 S. E. 467). Neither were they shown to be a part of the res gestæ. It was not shown when they were written, or with any degree of certainty to what they referred.

31. The above ruling applies also to another note to the same effect.

32. It was not error to permit a non-expert witness to give his opinion as to how fast a Plymouth car with six people in it was running if it collided with a truck and trailer, taking into consideration the pictures of the Plymouth and the injured part of the trailer, the facts that the trailer had a load of 16,000 pounds, that there was a skid mark under the left rear wheels of the trailer approximately eighteen inches long, and that at the time of the wreck the truck and trailer were going up a four per cent. grade in double-low gear. The testimony was in fact inadmissible, because the witness was not an expert on the subject, and the jury had as much information on the question as the witness; but simi-

lar testimony from another non-expert witness was admitted without objection. This assignment of error is without merit.

33. The assignment of error in ground 34 of the amended motion for new trial is not argued or insisted on and is treated as abandoned.

34. There is no merit in the assignments of error in grounds 35, 36, and 37. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*