29697. ROWE *v.* THE STATE.

Decided September 18, 1942. Rehearing denied October 13, 1942.

*C. G. Battle,* for plaintiff in error.

*D. P. Philips, solicitor,* contra.

Gardner, J. James Rowe was found guilty of maintaining a lottery known as the "number game." He moved for a new trial which was denied and he excepted.

1. As to the general grounds: Willie James Little testified that he wrote numbers for Rowe for about two years, identifying some of the tickets on exhibit as tickets he had written for Rowe; that when he was arrested on August 1st he was writing tickets for Rowe; that Rowe made bond for the witness; that he went back to work for Rowe after he came out on bond. Edward Hill testified that he wrote numbers for Rowe for about three months; that he did not turn the tickets over to Rowe but turned the money over to Rowe. On cross-examination there were some conflicts and inconsistencies, but such go only to the credit of a witness and are for the jury to decide. It is not for the court to decide that question as a matter of law. See in this connection *Reaves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140 (122 S. E. 824); *Wallis* v. *Watson,* 184 *Ga.* 38, 41 (190 S. E. 360). The foregoing and other evidence amply authorized the verdict. There is no merit in the general grounds.

2. Grounds 1 and 2 complain that defendant was convicted entirely on circumstantial evidence. While it is true that on

circumstantial evidence the proved facts must not only be consistent with the hypothesis of guilt but must exclude every reasonable hypothesis save that of the guilt of the accused (*Bell* v. *State,* 93 *Ga.* 557 (2) (19 S. E. 244), in the instant case, in view of the testimony of the two above-mentioned witnesses and that of the officers, this court is of the opinion that some of the testimony was direct evidence, definitely removed from the field of circumstantial evidence. Code § 38-102 reads in part as follows: "Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." See in this connection *Hudson* v. *Best,* 104 *Ga.* 131, 133 (30 S. E. 688): "The comparative weight of circumstantial and direct evidence on any given issue is a question for the jury. . . 'It is impossible . . to fix any uniform value upon direct or positive testimony as such. It is equally impossible to fix a uniform value upon circumstantial evidence as such. In many cases the one justly outweighs the other, while in many others the preponderance is precisely reversed.' " There is no merit in this contention.

3. Ground 3 complains that the court committed error in refusing to declare a mistrial, the motion having been based on the ground that a witness, R. H. Cleveland, made the following statement: "I have been knowing James Rowe twenty years; have made a hundred bonds of different kinds for him in the police station." The court refused to grant the following motion of counsel: "I move for a mistrial on the ground that the State has brought out by the solicitor that he [the witness] has made bond for him [the defendant] in a hundred cases. It is highly prejudicial and improper and I think it is certainly ground for a mistrial." The court rightly refused to declare a mistrial. It did not appear what kind of bonds were referred to, or whether they were for Rowe or others. The mere fact that the defendant might have been in some way connected with the handling of bonds, or the bonding business, could not have prejudiced him, or brought his character into issue. There is no merit in this contention.

4. Grounds 4 and 5 complain that the court committed error in charging the jury as follows: "I charge you, gentlemen, without intimating or expressing to you what has or has not been

proved in this case, that no person is considered unworthy of belief until there is produced in the minds of the jury a mental conviction that the witness sought to be impeached is unworthy of belief." And in the following charge: "A witness, gentlemen of the jury, may be impeached by evidence of bad character, but that evidence of bad character may be rebutted by other evidence. I charge you, gentlemen, without intimating or expressing to you what has or has not been proven in this case, that no person is considered unworthy of belief until there is produced in the minds of the jury a mental conviction that the witness sought to be impeached is unworthy of belief. So, it would be a question of fact alone for the jury to say whether or not any witness has been impeached." The entire charge on the subject of impeachment is set out in these special grounds, although not in the order given. The witness was attacked only for general bad character. Error is assigned because the court did not charge that portion of Code § 38-1806: "If a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." This principle of law is not applicable where a witness is attacked for general bad character. The latter part of this section reads: "The credit to be given his testimony where impeached for general bad character or for contradictory statements out of court shall be for the jury to determine." This court stated in *Howell* v. *Cantley,* 28 *Ga. App.* 683 (112 S. E. 909). "The charge of the court contained this instruction: 'Should you find, from the evidence, that any witness or witnesses testifying in the case have been impeached upon satisfactory proof in disproving any given state of facts material to the issue of the case testified to by him, or by proof of general bad character, the jury ought to disregard the evidence of that witness or witnesses in its entirety, unless the jury should find that such witness or witnesses have been corroborated by other competent and creditable witnesses, or by circumstances corroborating the witness testifying.' Such instruction with reference to impeachment by proof of bad character was error, and was not cured by other language. *Henrich* v. *McCauley,* 151 *Ga.* 138, 139 (106 S. E. 94); *Waycaster* v. *State,* 136 *Ga.* 95 (70 S. E. 883); *Henderson* v. *Cook,* 27 *Ga. App.* 512 (108 S. E. 904)." The language of the charge

is almost identical with the rule laid down in a leading case, *Powell* v. *State,* 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277), as follows: "A witness is never impeached, in contemplation of law, until there is a mental conviction, produced upon the mind of the jury by proof, that he is unworthy of credit."

The charge in the instant case is not subject to the criticism that it was a "negation rather than an instruction." Nor was it either argumentative or confusing. Counsel cites *Mishoe* v. *Davis,* 64 *Ga. App.* 700, 706 (14 S. E. 2d, 187). Applying the ruling in the *Mishoe* case to the facts of the instant case, the charge, if error, was harmless to the defendant. In the *Mishoe* case a witness was attacked for general bad character, and the court charged in effect that before such witness could be credited there would have to be corroborating evidence or proof of general good character. The court properly held this charge to be error. A witness who is attacked for general bad character may be believed by the jury regardless of whether there is any evidence to sustain his good character or any corroborating evidence. In the charge in the instant case the judge stated that "evidence of bad character may be rebutted by other evidence." If these words could be construed as equivalent to the words of Code § 38-1804, "the witness may be sustained by similar proof of character," still it would not have been error requiring a reversal for the reason that the witness attacked was not a witness of complainant as in the *Mishoe* case, but was a witness for the opposite party. A greater measure of credit was thus placed on the witness of the opposite party than the law requires.

The charge complained of in these grounds, except as to the passage pointed out which was harmless to the defendant, was abstractly correct. In the absence of a written request, the case will not be reversed because the charge was not more extended on the subject of credibility. See *Dent* v. *State,* 14 *Ga. App.* 269 (3) (80 S. E. 548), *Williams* v. *State,* 25 *Ga. App.* 193 (102 S. E. 875), *Rouse* v. *State,* 2 *Ga. App.* 184 (58 S. E. 416), *Harper* v. *State,* 17 *Ga. App.* 561 (87 S. E. 808), *Bell* v. *State,* 100 *Ga.* 78 (27 S. E. 669), and *Smith* v. *State,* 150 *Ga.* 321 (103 S. E. 457), cited by defendant in support of his contentions. These cases dealt with the question of incorrect statements of abstract principles of law treated in the charges given. So

far as we can ascertain from the cases as reported, they did not deal with a failure to give additional principles beyond correct abstract charges given, as we construe the assignments of error to be in the case at bar. We find no error requiring the grant of a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*