*Ricketson & Hale,* contra.

---

1468.   CAMPBELL & COMPANY *v.* MION BROTHERS.

1. A contract for the improvement of realty is not within the statute of frauds, although it involves the furnishing by the contractor of materials in excess of the sum of fifty dollars.

2. Where a contract not within the statute of frauds is the subject-matter of the suit, and the defendant admits that he made the agreement according to the terms asserted by the plaintiff, but insists that it was to have been in writing, the court may, without error, instruct the jury that the fact of the making of the contract was not in issue.

3. Where one employs another to furnish the labor and material and to do the work necessary to the improvement of real estate, but renounces the contract prior to the time when the contractor has incurred any expense toward the performance of it, the recovery for the breach of the contract is limited to the difference between the contract price and what it would have cost the contractor in labor and materials to have performed it. But if the contract is not broken until after the contractor has gone to expense toward its performance, the net loss incurred by him on account of the amount so expended should be added to the difference between the contract price and what it would have cost him to perform the contract.

Action on contract, from city court of Atlanta—Judge Reid. September 29, 1908.

Argued December 10, 1908.—Decided May 4, 1909.

*Maddox & Sims,* for plaintiff in error.

*Moore & Pomeroy, W. A. Hood,* contra.

POWELL, J.   Campbell & Company employed Mion Brothers to furnish the materials for and lay a ceramic mosaic tile floor in a building on Whitehall Street in Atlanta, at a price of $362.82. Mion Brothers ordered the tiling, which was of a peculiar pattern having no general market value, at a cost of $16.46, including

the freight paid thereon. But when they came with the material to the building, to do the work, Compbell & Company refused to allow them to do it. Mion Brothers then sued Campbell & Company for damages resulting from the breach of the contract. Pending the trial it developed that subsequently to the institution of the suit, the plaintiffs sold the tiling for $95. The jury found for the plaintiffs $100; and to the overruling of a motion for a new trial the defendants except.

1. The first insistence is that the contract was void because not in writing, and therefore within the inhibition of the statute of frauds. A contract for the doing of a designated piece of work is not within the statute of frauds although it involves the furnishing of materials, which themselves may be classed as goods, wares and merchandise, in an amount exceeding $50, unless the real intention of the parties is that the transaction should in substance be a sale of the materials, and that the doing of the work and labor should be merely incidental. *Cason* v. *Cheely,* 6 *Ga.* 554.

2. Exception is taken to the fact that the judge charged the jury, "On the trial it is not disputed by the defendants but that they entered into a contract mentioned in the petition; it is not on the trial a disputed issue as to whether the contract was made or not. The defendant in his evidence on the trial admits that the contract was made." Upon an inspection of the brief of the evidence, we find that the defendant who testified did not deny making a contract such as claimed by the plaintiffs; his insistence being that the plaintiffs were to bring him a written contract embodying its terms, which had not been brought or signed. The agreement was complete, however, and the writing would have only been evidence. This would have been true even if the agreement had been within the statute of frauds. *Capital City Brick Co.* v. *Atlanta Ice & Coal Co., 5 Ga. App.* 436 (63 S. E. 562).

There are certain other assignments of error upon the charge of the court, but they are not well taken. They will not be reported, as they present no question of general importance or interest.

3. It is insisted that the proof did not authorize the amount of the verdict rendered. It was shown on the trial that the contract price for the work was $363.82; that the tiling and the

freight on it cost the plaintiffs $166.46, and that the cost of laying the tile would have been $80; that the plaintiffs had received, from the resale of the tiling, the sum of $95. By an ingenious method of calculation, counsel for the plaintiffs in error attempt to show that the plaintiffs' loss under this state of facts was only $22.36. The process of calculation suggested is as follows: By adding together the cost of the tile and the freight and the sum which the labor would have cost (making a total of $246.46), and by subtracting this from the contract price, the result is $117.36—the profit which the plaintiffs would have earned if the contract had been executed according to its terms. By deducting from this $117.36 the $95 for which the tile was resold, the result obtained is $22.36, which it is argued represents the plaintiffs' actual loss. In this calculation counsel are guilty of bad mathematics. Taking the figures given above as true, it will be seen that if the plaintiffs had completed the contract according to its terms, it would have cost them $246.46, and that then they would have been entitled to receive from the defendants the sum of $363.82. If the defendants had renounced the contract before the plaintiffs went to any expense toward its performance, they would have been primarily liable for the contract price, but would have been entitled to compel the plaintiffs to credit them with the amounts saved by reason of being relieved from performance; that is to say, the plaintiffs' recovery in that event would have been limited to $363.82 less the $246.46. But the defendants did not break or renounce the contract at that time, nor until after the plaintiff had gone to the expense of procuring the tiling, which, on account of its peculiar pattern, was not worth in the market what it cost to have it made. The defendants, therefore, were entitled to have the contract price of $363.82 reduced only by the amount which the plaintiffs saved on the item of labor ($80) and the amount which was received for the tiling on a resale thereof ($95). Therefore, any verdict up to the amount of $188.82 (the difference between $363.82 and $175) would have been authorized.

*Judgment affirmed.*