22942.   JENKINS *v.* BROWN.

DECIDED FEBRUARY 21, 1934.

*Augustine Sams,* for plaintiff.

*Kirkland & Garner, Fred W. Skinner,* for defendant.

MacIntyre, J. The plaintiff in error, Jenkins, brought an action for damages against the defendant in error, Brown, for breach of an alleged oral contract for the erection of a building on a lot of land owned by Brown. The entire lot of 77 by 265 feet was to be graded to a level with the sidewalk, and other grading and excavating were to be done. A building 60 by 225 feet was to be erected on the lot. It was alleged that the entire subject-matter of the contract was for $25,500 and that the entire cost to the plaintiff would have been $21,991 and his profit would have been $3509, for which he sought recovery. Upon the hearing the trial judge dismissed the plaintiff's petition, on general demurrer, and gave as his reason for so doing that the contract was one within the 4th section of the statute of frauds (Civil Code (1910), § 3222 (4)), which section requires "any contract for sale of lands, or any interest in, or concerning them" to be in writing.

The 4th section of 29 Charles II, c. 3, required any "contract for sale of lands or any interest in or concerning the same" to be in writing, and this was the rule in England at the time of the adoption of our Code.

The two foregoing statements of this rule are substantially the same, and our statute may be taken as meaning the same as the English statute of frauds. *Roughton* v. *Rawlings,* 88 *Ga.* 819, 822 (16 S. E. 89). This was the rule in New York at the time of the decision in Frear v. Hardenburgh, 5 Johns. (N. Y.) 272 (4 Am. D. 356), where Justice Spencer seems to have adopted the principle of construction that the statute had in view some interest to be acquired in the land itself, by contract, and was not such as was collateral, and by which no kind of interest was to be gained therein. This construction seems also to have been followed in Lower *v.* Winters, 7 Cowen (N. Y.), 263, 264, wherein it was said that "It has been repeatedly held by this court that a parol promise or agreement to pay for the improvements on land is not within the statute of frauds. Improvements upon land, distinct from the title or possession, are not an *interest in land,* within the meaning of the statute. They are only another name for the work and labor bestowed on the land; and a parol promise to pay for work already done, or to be done upon land, never has been held to come within the statute. Frear *v.* Hardenburg, 5 Johns. 275; Benedict *v.* Beebee, 11 Johns. 145. In Howard *v.* Easton, 7 Johns. 205, the contract

was for the sale of the *possession,* and improvements. This was held to be within the statute. The court remarked that *possession* must be considered an interest in land. It is *prima facie* evidence of title." In Cassell *v.* Collins, 23 Ala. 676, 677, the court said: "Our statute of frauds is not, in its terms, as broad as the English, which not only embraces any contract for the sale of lands, but also 'any interest in or concerning them.' But admitting that the word, tenements, would give our statute as extensive an operation as that of Charles 2nd, still that construction would not bring the case within it, as a promise to pay for improvements can not be regarded as a contract either for the sale of lands, or of any interest in or concerning them."

While it is true that in *Campbell* v. *Mion,* 6 *Ga. App.* 134 (64 S. E. 571), the question was whether a contract to furnish material and labor to lay a tile floor in the building was a sale of goods, wares, and merchandise in an amount in excess of $50, yet it seems to us that the court assumed the general rule to be that "a contract for the improvement of realty is not within the statute of frauds," and adds, "although it involves the furnishing by the contractor of materials in excess of the sum of fifty dollars." Whether the court in the *Campbell* case intended to state this to be the general rule or not, we are of the opinion that the general rule in this State is that a parol promise or agreement to pay for improvements made on land, is not within the 4th section of the statute of frauds as adopted in the code (Civil Code of 1910, § 3222). Improvements upon land, distinct from the title or possession, are not an interest in the land, within the meaning of the statute. They (the improvements) are only another name for the work and labor bestowed upon the land. The fact that the plaintiff had, or would have had, a license to go upon the land to make the improvements would not be such a right of possession as amounts to an "interest in, or concerning," the land, within the meaning of the statute. See 27 C. J. 196, § 135.

In Howard *v.* Easton, 7 Johns. (N. Y.) 205, it was held that the contract was for the sale of the possession and improvement. In such a case possession would be construed as an interest in the land, being prima facie evidence of title. In the case at bar the contract was not for the sale of the possession of the land, but was a promise to pay for improvements merely; the possession being

only collateral thereto. The contract was for the purpose of making improvements only. There was no sale of the possession within the meaning of the statute. There is a distinction between a privilege or easement, carrying an interest in the land, and requiring a writing within the statute of frauds to support it, and a license which gives the authority to do a particular act or series of acts upon the land of another for the purpose of improvement only, without possessing any estate therein. Such a license is not within the statute. 3 Kent's Comm. 452. We think there is also a distinction between a contract for services and material for the erection of a house and the sale of a house already erected which, when erected, becomes a part of the realty. See *Corbin* v. *Durden,* 126 *Ga.* 429 (55 S. E. 30) ; *Graham* v. *West,* 126 *Ga.* 624 (55 S. E. 931).

We hold that the contract for improvements in this case can not be regarded as a contract for the sale of any "interest in lands or concerning them," within the meaning of our statute of frauds.

*Judgment reversed.* *Broyles, C. J., and Guerry, J., concur.*