33481.   HERRMAN *v.* CONWAY.

Decided May 4, 1951.   Rehearing denied May 18, 1951.

*Sams, Wotton & Sams,* for plaintiff in error.
*John Brewer, Louis D. Yancey Jr.,* contra.

FELTON, J. ■ As special grounds 2, 3, 4, and 12 of the original demurrer and 5 and 8 of the renewed demurrer pertain to the merits of the petition, they will be considered with the general demurrer. Plaintiff in error contends that plaintiff is bound by all the conditions and provisions in the contract between defendant and the City of Atlanta and that one of the provisions of such contract is that final payment shall be due 30 days after substantial completion of the work provided the work be fully completed and the contract fully performed, and that approval of the architect shall be a condition precedent to payment under the contract, and contends that plaintiff has failed to show compliance with such condition precedent, that is, completion of the work and approval thereof by the architect. This contention is without merit for two reasons. First, the plaintiff alleges that he and defendant entered into a contract whereby plaintiff would provide all the material and labor necessary for the lathing and plastering defendant contracted with the City of Atlanta to do. No other reference is made to

the contract between defendant and the city. Construed most strongly against him, plaintiff's petition does not show that any provision in the contract between defendant and the city pertaining to the completion of the work and approval thereof by the architect before payment therefor was incorporated in the contract between plaintiff and defendant. Such provision referred only to the owner, City of Atlanta, and the contractor, defendant, and in no way affected the plaintiff, subcontractor, without an adoption or incorporation thereof into the contract between plaintiff and defendant. Second, even if plaintiff was bound by such provision of the contract between defendant and the city, such provision has no bearing on the present case as plaintiff is suing for damages for breach of the contract and not for money due under the contract. Plaintiff bases his cause of action on the very act which prevented him from complying with the condition precedent set out in the contract between defendant and the City of Atlanta. Contrary to plaintiff in error's contention, there was a meeting of the minds between plaintiff and defendant sufficient to constitute a contract between them and this is evidenced by the fact that plaintiff actually performed part of the work contracted to be done with the knowledge and consent of defendant.

■ Plaintiff in error contends that the damages sought by plaintiff are speculative and too remote to be legally recoverable. Plaintiff alleges his damages to be the difference between the contract price of $9280.59 and the cost to complete the work under the contract of $6527.79, which cost he itemizes, plus the sum of $421.02 expended for material and labor up to the time of the alleged breach, which final figure is $3173,82, judgment for which he prays. Plaintiff alleges the correct measure of damages under the facts of the case. *Campbell & Co.* v. *Mion Bros.*, 6 *Ga. App.* 134 (3) (64 S. E. 571); *Black* v. *Automatic Sprinkler Co.*, 35 *Ga. App.* 8 (131 S. E. 543). While plaintiff should have amended the figure set out in paragraph 19 of the amended petition to show the credit alleged in paragraph 17-A, he does show such credit in his amended prayer. However, although this point is argued in plaintiff in error's brief, there is no demurrer to paragraph 19 specifically pointing out such defect and we make no ruling thereon.

The remaining grounds of the special demurrer are without merit.

The court did not err in overruling the general and special grounds of the demurrer.

*Judgment affirmed. Worrill, J., concurs. Sutton, C.J., concurs in the judgment.*