34560.   THE DARLINGTON CORPORATION *v.* EVANS.

Decided April 30, 1953.

*Grant, Wiggins, Grizzard & Smith, N. E. Parker, Jr., Wm. G. Grant,* for plaintiff in error.

*Fraser & Shelfer,* contra.

GARDNER, P. J. 1. It is true, as contended by the plaintiff's counsel, that special demurrers to the plaintiff's petition must be interposed at the first term and that, where they are filed subsequently, they will not be considered. Code §§ 81-1001, 81-1002, as amended by Ga. L. 1946, pp. 761, 775 (see Rules 15 and 16 of Procedure, Pleading and Practice in Civil Actions). The revision of Code §§ 81-1001, 8-1002, by the Act of 1946, was necessitated by the substitution of an appearance day for an appearance term. See Rule 3 of Procedure, Pleading and Practice in Civil Actions (Ga. L. 1946, pp. 761, 767), amending and revising Code § 81-111. The rule that special demurrers must be interposed at the first term is not changed or abolished. "As to defects of form, we understand it now is, and has ever been, the rule that advantage of them must be taken by a special demurrer at the first term." *Richmond &c. R. Co.* v. *Mitchell,* 95 *Ga.* 78, 83 (22 S. E. 124). Such demurrer is properly overruled where not filed in time. *Smith* v. *Ice Delivery Co.,* 8 *Ga. App.* 767 (70 S. E. 195); *Brown* v. *Georgia &c. Ry. Co.,* 119 *Ga.* 88 (46 S. E. 71). A special demurrer is not amendable after the first term by adding new and independent grounds. *Central of Ga. Ry. Co.* v. *Motz,* 130 *Ga.* 414 (61 S. E. 1). In *City Council of Augusta* v. *Lombard,* 101 *Ga.* 724 (28 S. E. 994), it was held that, where a defendant at the first term filed a general demurrer to a petition, he could not at the second term amend such general demurrer by adding thereto grounds of special demurrer. See also *Ford* v. *Fargason,* 120 *Ga.* 708 (48 S. E. 180). It is also true, if the plaintiff seeks to recover the wrong measure of damages in an action for breach of contract, the petition is subject to special but not general demurrer. "If the petition sets forth the wrong measure of damages, this may be reached by a proper special demurrer; but the wrong measure of damages does not subject the petition to a general demurrer. . . If the allegations of the petition entitled the plaintiff to recover only nominal damages, the action would not be subject to dis-

missal." *Elwell* v. *Atlanta Gas Light Co.*, 51 *Ga. App.* 919 (6) (181 S. E. 599) ; *Atlanta Plow Co.* v. *Bennett*, 49 *Ga. App.* 672 (6) (176 S. E. 822) ; *Koch Co.* v. *Adair*, 49 *Ga. App.* 824 (3) (176 S. E. 680). However, where a petition in an action for breach of contract does not seek to recover general or nominal damages, but only seeks to recover of the defendant for its alleged breach of the contract sued on certain items of special damages, and none of these items are properly recoverable, the petition does not set out any cause of action and is subject to be dismissed on general demurrer. Where the petition does not allege damages which are recoverable of the defendant, the same fails to state a cause of action for the relief sought and is therefore subject to general demurrer. See *Dixie Broadcasting Corp.* v. *Rivers*, 209 *Ga.* 98 (6) (70 S. E. 2d, 734). "Where the petition cannot be construed as asking for general or nominal damages, but is expressly limited to a prayer for special damages only, and these are not recoverable, the suit is not maintainable, and is subject to be dismissed on demurrer." *Truitt* v. *Rust & Co.*, 25 *Ga. App.* 62 (2) (102 S. E. 645). This is not a case of a mere erroneous statement of the measure by which the amount of the damages is to be determined, but is one where the plaintiff seeks special damages only and such damages are not recoverable. The rule that in every case of breach of contract the other party has the right to recover nominal damages does not apply where only special damages are sued for and same are not recoverable. *Hadden* v. *Southern Messenger Service*, 135 *Ga.* 372 (69 S. E. 480) ; *Bush* v. *Addison*, 40 *Ga. App.* 799 (3) (151 S. E. 526) ; *Neal* v. *Medlin*, 36 *Ga. App.* 796, 797 (138 S. E. 254). "The petition alleged no recoverable damages, and was subject to the general demurrer interposed." *Ryals* v. *Livingston*, 45 *Ga. App.* 43 (163 S. E. 286).

The contract involved in the present case was one whereby the defendant agreed to employ the plaintiff at $200 monthly, furnishing a place to live, and was for no definite period of time. The plaintiff was to begin work on March 10, 1952. In order to be ready to commence the performance of his duties on that date, the plaintiff disposed of certain personal property he owned at a sacrifice and sustained a loss between the reasonable market value of same and what he received for the property sold. The

plaintiff had two contracts to paint houses. He canceled these contracts and sustained a loss of what he would have made thereon had he painted the houses. The plaintiff came to Atlanta and conferred with the defendant's agent about the job on three occasions, his time was worth $15 a day, and he lost $45 by reason thereof. The plaintiff obtained a fireman's license from the City of Atlanta at a cost of $3, so he could do the work for the defendant. When the plaintiff reported to the defendant on March 8, 1952, and stated that he was ready to begin work on March 10, the defendant's agent informed him that he need not commence work on March 10, but he would be informed when to commence work. The plaintiff did not seek any damages save the losses sustained as above set forth. He did not seek damages for loss of wages for any period of time. The contract was terminable at will. The plaintiff did not commence the performance of the contract. He merely got ready to perform the same on his part and went to the above expense and sustained the above losses in getting ready to be able to carry out the agreement and work for the defendant.

"Where a party seeks damages for the violation of a contract by the other party, the measure of his damages is not what he has suffered by performing his part, but what he has suffered by the failure of the other party." *Pope* v. *Graniteville Mfg. Co.*, 1 *Ga. App.* 176 (2) (57 S. E. 949) and citations. "Losses which one may have sustained in complying with obligations devolving upon him in carrying out his undertaking under a contract, are not recoverable as damages, even though the contract may have been breached by the opposite party to the contract. Damages to either party to a contract, to be recoverable, must be the result of some act on the part of the other party, and the measure of such damages is the profit, if legally ascertainable, which would have accrued, had the contract been complied with." *Jester* v. *Bainbridge State Bank*, 4 *Ga. App.* 469 (4) (61 S. E. 926). Had the defendant corporation complied with its agreement with the plaintiff by permitting him to move into the apartment and enter upon the performance of his work firing the defendant's boiler in this building, what would the plaintiff have gained—what would have been his profit? This would not have prevented the sale by the plaintiff of his

property at a sum much less than it was reasonably worth. He would still have canceled his contracts to paint the houses. His trips to Atlanta had already been made. His gain by the defendant's compliance would have been the receipt of his monthly wages and the moving into the apartment. The plaintiff does not seek to recover loss of wages for even one month. The damages set out in the petition and sued for cannot reasonably be held to have been within the contemplation of the parties, and to have flowed directly from the breach of the contract. The plaintiff sold this property and canceled these contracts to paint so as to be able, it is true, to perform the agreement with the defendant by moving to Atlanta and going to work for it on March 10, 1952. The petition alleges that the defendant knew that the plaintiff was going to dispose of the personal property, and that its manager told him to cancel the two painting contracts. However, it can hardly be said that the defendant knew that the plaintiff was going to practically give some of his personalty away.

Damages growing out of a breach of contract, in order to form a basis of recovery, must be such as could be traced solely to breach, be capable of exact computation, must have arisen according to the usual course of things, and be such as the parties contemplated as a probable result of such breach. *Sanford-Brown Co.* v. *Patent Scaffolding Co.*, 199 *Ga.* 41 (33 S. E. 2d, 422). "The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed." 17 C. J. 847, quoted and adopted in *Ga. Power Co.* v. *Fruit Growers Exp. Co.*, 55 *Ga. App.* 520, 527 (190 S. E. 669).

Properly construed, the contract involved, and for the breach of which the defendant is now sued, was an agreement under which the plaintiff was employed by the defendant for an indefinite term, as fireman of its boiler in the apartment building, at a fixed salary per month from a specified date. Such a contract of employment, being indefinite as to its duration, is to be

deemed a hiring for the term of one month only; and after the expiration of that period it was the right of the defendant to terminate the employment at will. *Odom* v. *Bush*, 125 *Ga.* 184 (53 S. E. 1013). In that case the court held that the plaintiff was not entitled to recover damages in the way of loss incurred in resigning a lucrative position he held in South Carolina, loss resulting from the sale of his household goods at a great sacrifice, a like loss sustained in disposing of his Atlanta realty, expenses of moving from South Carolina to Columbus, Georgia, and loss of opportunity of securing lucrative positions open to him when the contract with the defendant was made. The plaintiff there, as here, did not seek to recover any damages for loss of salary. The defendants there demurred to the petition because the plaintiff did not set out any act of the defendants upon which he could base a recovery of damages and also upon his right to claim the specific items sued for. The court sustained all the grounds of demurrer and dismissed the petition. In that case the Supreme Court held the petition subject to general demurrer and affirmed the trial court.

Where it is sought to recover damages on account of breach of a contract "under the rule that damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of the breach . . . or on the ground that the contract was broken with the knowledge and for the purpose of depriving the party injured of its benefits . . . , the plaintiff should allege facts showing that the special damages claimed fall within one or the other of such rules." *Montgomery* v. *Alexander Lumber Co.*, 140 *Ga.* 51 (3) (78 S. E. 413).

The petition here, as amended, only seeking special damages, and none of the items thereof being properly recoverable under the facts alleged, the trial court erred, as in *Dixie Broadcasting Corp.* v. *Rivers*, supra, in not dismissing the petition as amended, on general demurrer on the ground that it failed to state a cause of action. This rendered further proceedings nugatory.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*