40886. TURNER v. HOUSER.

DECIDED SEPTEMBER 29, 1964.

*Clower & Royal, E. J. Clower,* for plaintiff in error.
*Fullbright & Duffey, Henry J. Fullbright, Jr.,* contra.

EBERHARDT, Judge. ■ The contract between plaintiff and defendant, copy of which was attached to the petition, provided that "The owner agrees to pay the architect a total fee of seven (7) percent of [the] contract price." The architect is obligated under the contract to furnish without additional cost to the

owner all engineering and consulting services, the site planning, the living and transportation expenses of himself and his assistants and to hold all necessary conferences, make all preliminary studies, and prepare all working drawings, specifications, keep construction accounts, supervise the work and make all certificates for payment, etc., after which it was provided that "In the event of termination, the architect shall be entitled to only the prescribed portion of fee determined by the percentage to which construction is completed."

Thus, the first count, seeking a recovery of "actual out of pocket costs on this work up to the time that defendant failed and refused to perform under said contract" is wholly inconsistent with the contract provisions and was subject to the general demurrer. *Allison v. Allman*, 82 Ga. App. 574 (61 SE2d 672). Plaintiff did not, in that count, seek damages for the breach as might have been done. See *Southern Land &c. Corp. v. Davis & Floyd Engineers, Inc.*, 109 Ga. App. 191 (135 SE2d 454). Damages flowing from the breach do not consist of the out of pocket costs; rather it is the difference in the total amount to be paid under the contract and the cost of performance by the plaintiff. *Darlington Corp. v. Evans*, 88 Ga. App. 84, 89 (76 SE2d 72). Count 1 alleged no recoverable damages, and was subject to the general demurrer. *Ryals v. Livingston*, 45 Ga. App. 43 (163 SE 286).

■ It is otherwise, however, as to the second count in which plaintiff alleged performance on his own part up to the point where defendant breached by refusing further performance and sought to recover what he alleged to be the reasonable value of the services which had been rendered. He did not, in that count, declare upon the contract but upon a quantum meruit. *Shubert v. Speir*, 201 Ga. 20 (38 SE2d 835). It was error to sustain a general demurrer as to it.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Jordan, J., concur.*