## 42650. ROBERTSON v. GORE.

DEEN, Judge. 1. Objections to an amendment to pleadings on grounds not stated and decided in the trial court will not be considered on appeal by this court. *Kahn v. Thomson,* 113 Ga. 957 (1) (39 SE 322). The plaintiff here, suing on a contract in writing to dredge a stream on land of the defendant, work on which he had discontinued under his contention that the defendant landowner had breached the contract by failing to pay installments thereunder as they became due, offered an amendment to his petition after both sides had closed, setting out a different measure of damages from that originally declared on, and asked leave of the court to have the amendment allowed, to re-open the case, and to allow evidence to establish the measure of damages claimed in the amendment. The only objection made was that under the amendment the plaintiff sought recovery for the profit which he would have earned had the defendant not breached the contract and thus prevented its completion; that the plaintiff had previously stated in judicio that he would not have made any money under this job, which fact created an estoppel and would prevent an amendment setting up a measure of damages seeking to recover loss of profits. The amendment was admitted over the objection urged, and, with the amendment in, testimony regarding loss of profits was of course supported by the pleadings. No question was raised in the trial court, or can be decided by this court under these facts, whether the amendment was objectionable in attempting to add a new cause of action, or to convert an action based on quantum meruit into one on an express contract.

2. As to the objection urged, the plaintiff had originally testified that he took the contract at a very low rate and was making nothing out of it. To justify this assertion he attempted to show among other expenses that his equipment had sat idle on the premises for 10 days at a reasonable rental of $400 per day; also that the services of his son in working on the project had a given value. Testimony as to both these items was ruled out by the trial court and no objections are urged on this ground. The plaintiff, when he returned to the stand, stated in substance that his prior testimony was correct if he could consider his son's services

and equipment rental as expenses of performing the contract, but, if not, then these amounts of money had been wrongly categorized by him and were in fact profit which he would have realized from the venture if completed. Was the plaintiff estopped to plead and prove these facts by reason of his prior testimony? It is of course true that where the testimony of a party is contradictory it must be construed against him, and that he is not entitled to a verdict where that testimony most unfavorable to him shows that the verdict should be against him. *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300 (145 SE2d 294). Yet even contradictory testimony of a party to the action may be cured by testimony of other witnesses. *Bullington v. Chandler,* 110 Ga. App. 803 (140 SE2d 59). Witnesses generally have the right to explain previous contradictory testimony and if possible synchronize it with their present views. *Bivins v. State,* 200 Ga. 729 (8) (38 SE2d 273); *Brown v. McBride,* 129 Ga. 92 (58 SE 702). When the amendment was offered, there was no allegation in the petition regarding profit and therefore no reason from a pleading standpoint to disallow it; the plaintiff then had a right to attempt to explain his former testimony, and whether or not the ultimate result was credible to the jury was for it to decide.

3. The remaining enumerations of error contend that testimony was erroneously admitted as to certain items of cost, but we are directed to no part of the record where objections were made in the trial court, and accordingly do not consider them here. *Strickland v. English,* 115 Ga. App. 384; *Crider v. State of Ga.,* 115 Ga. App. 347. The measure of damages for a contract not completed because of the fault of the opposite party is the difference between the contract price and the cost to complete the work plus sums expended by the contractor up to the time of the alleged breach. *Herrman v. Conway,* 83 Ga. App. 888 (65 SE2d 41). Since the last amendment set out such a measure of damages, and since the proof exactly conformed thereto, the contention that the verdict in an amount less than that sued for was excessive is without merit.

*Judgment affirmed. Frankum, P. J., and Quillian, J., concur.*

ARGUED MARCH 8, 1967—DECIDED APRIL 5, 1967.

*Pierce, Ranitz & Lee, John F. M. Ranitz, Jr., Howard A. McGlasson, Jr.,* for appellant.

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, H. Mitchell Dunn, Jr.,* for appellee.