## 44995. CONTRACTORS EQUIPMENT COMPANY, INC. v. ESSEX CRANE RENTAL CORPORATION.

EBERHARDT, Judge. Essex Crane Rental Corporation brought suit against Contractors Equipment Company, Inc., on an oral contract under which Contractors rented a lift crane from Essex. Count 1 sought recovery of one month's rental plus $2,800 under an alleged agreement whereby Contractors was to pay Essex two-thirds of the balance of $5,200 freight charges after subtracting an amount not to exceed $1,000 for modifications to be made to the crane by Contractors. Count 2, which sought recovery for damages to the crane, was struck by the trial court, from which ruling no appeal or cross appeal was taken. Contractors counterclaimed seeking recovery of $5,166.23 for tools, labor, equipment and parts furnished Essex and used on its crane.

The trial court, sitting without a jury, awarded Essex two-thirds of the balance of $5,250 after subtracting $1,600 for Contractors' costs of modifying the crane, and one month's rental. Contractors was awarded $174.62 for tools purchased from it, and the remainder of its counterclaim was denied. Contractors appeals, urging that the evidence did not support the court's rulings. *Held:*

1. We must reverse as to the first item in the lower court's judgment. Although there is no dispute that Contractors was to pay Essex two-thirds of the balance left after subtracting from $5,250 some figure as an allowance for Contractors' costs of modifying the crane, what amount should be sub-

tracted, is hotly disputed. The evidence raised questions to as whether, under the oral agreement, the actual costs were to be subtracted; or whether they were subject to a "ceiling" of $1,000; or whether figures such as $1,000 were estimates rather than "ceilings." Further, there is a question as to whether the allowance was given only toward the costs of preparing the crane to accept the "ringer," or whether it also included its attachment. The trial court, however, used the figure of $1,600 which was unsupported by the evidence as either a "ceiling" or as actual costs, the only two possibilities involved. This figure was mentioned one time by one of Contractors' witnesses who commented, "We make a guesstimate of not $600 but $1,600  .  .  .  and this was just a guess, and we at no time put a ceiling on the same, or why would we have one-third and two-thirds of what was left?" Since the trial court used a figure which purported to be only a guess and not a "ceiling" or actual cost, the award for the first item in the judgment was unauthorized.

2. Since the evidence may not be the same on another trial, we do not determine whether it supports other rulings made below.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 9, 1970—DECIDED JANUARY 27, 1970—

REHEARING DENIED FEBRUARY 13, 1970.

Action on contract. Fulton Civil Court. Before Judge Camp. *Rich, Bass, Kidd & Broome, C. Richard Avery,* for appellant. *Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard,* for appellee.

ON MOTION FOR REHEARING.

It is urged that the conflict in the parties' positions shows the figure that was to be subtracted from $5,250 was either a ceiling of $1,000 as contended by Essex, or actual cost as contended by Contractors; that the trial court had obviously chosen to go with the actual cost position urged by Contractors, but that it erroneously selected the $1,600 "guesstimate"; that there was uncontradicted evidence that the cost of converting the crane was $1,726.63, which the trial court overlooked; and that the proper disposition for this court to make is to affirm the court below as to this item with direction to deduct $1,726.63 from $5,250 and award Essex two-thirds of this balance.

However, we find that the amount of actual cost was a contested issue of fact, involving not only the identification and calculation of various items under conflicting and uncertain evidence but also whether the allowance was given only toward the costs of preparing the crane to accept the "ringer" or whether it also included its attachment. Suffice it to say that it is not a "mathematically determinable item or amount" within the meaning of *Evans v. Odum,* 52 Ga. App. 453, 458 (183 SE 669), cited by Essex; and were we to attempt to fix this amount we would be deciding issues of fact, a function of the trial court and not of this court. *Code Ann.* § 2-3708.

*Motion for rehearing denied.*