46163.   PHOENIX AIR CONDITIONING COMPANY, INC.
v. TOWNE HOUSE DEVELOPERS, INC. et al.

ARGUED MAY 5, 1971—DECIDED OCTOBER 8, 1971—
REHEARING DENIED NOVEMBER 4, 1971.

*Lanier Randall,* for appellant.

*Cobb & Blandford, John L. Blandford,* for appellees.

QUILLIAN, Judge. The issue for our determination is whether the evidence was sufficient to sustain the verdict for the plaintiff. In making this determination we considered the following evidence which was adduced on trial. Both the plaintiff Phillip Block and Phillip Lang testified that the proposal which was dated February 27, 1968, and the general work contract were executed contemporaneously on March 5, 1968. The proposal was filed by an admitted agent of the defendant acting in his authorized capacity. However, the defendant contends and offered evidence to show that Phillip Lang was not authorized to sign contracts in behalf of the defendant and thus the general work contract was a nullity. The plaintiff Block testified that he inquired as to Lang's authority to sign the contract and was assured by Lang that he had such authority. Lang also testified that he had authority to sign such contracts and had signed other contracts for the defendant. The president of the defendant corporation testified that Lang had no such authority.

Lang further testified that after signing the general work contract he delivered it to the president of the defendant corporation. It appears that after the execution of the proposal the defendant installed 3 of the units on the property; that there were problems in obtaining approval of these units by the City of Atlanta inspector; that subsequently the plaintiff experienced difficulty in getting the defendant to work on the other 3 units; that on several occasions the plaintiff notified the defendant and requested that the work be completed; that after several months during which only a part of the work was done, the plaintiff Block informed the defendant that its services would no longer be required and that he would have someone else complete the work.

The defendant makes two principal contentions: (1) that it was not bound by the terms of the general work contract since such

instrument was not executed by an authorized agent; (2) that a lull of approximately 3 months after the completion of the first 3 units before the defendant was requested to begin work on the other 3 units constituted either a release of the defendant or a mutual temporary disregard of the contract.

Under *Code* § 4-105: "The act creating the agency shall be executed with the same formality (and need have no more) as the law prescribes for the execution of the act for which the agency shall be created. A corporation may create an agent in its usual mode of transacting business and without its corporate seal." A contract for the improvement of realty is not within the Statute of Frauds. *Campbell & Co. v. Mion Bros.,* 6 Ga. App. 134, 135 (64 SE 571); *Jenkins v. Brown,* 48 Ga. App. 480, 482 (173 SE 257). Thus, since the instant contract would not have to be in writing, the authority of an agent to enter into such contract need not have been in writing. See *White & Hamilton Lumber Co. v. Lynch,* 31 Ga. App. 697 (8) (121 SE 874); *Butler v. Godley,* 51 Ga. App. 784, 787 (181 SE 494); *Hirsh & Co. v. Beverly,* 125 Ga. 657 (1) (54 SE 678).

The plaintiff's act in doing no more than obtaining oral information as to the authority of the apparent agent to act for the defendant company was therefore sufficient.

There was also evidence that the defendant through its agent had knowledge of the general work contract and proceeded to act under the terms of the contract without disavowing the provisions of the general work contract. "Where a principal is informed by his agent of what he has done, unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed. A ratification once made may not be revoked." *Harris v. Underwood,* 208 Ga. 247 (4) (66 SE2d 332). See *Nations v. Russell,* 68 Ga. App. 329, 332 (22 SE2d 756). There was evidence authorizing the trial judge to find that the defendant ratified the terms of the general work contract.

As to the alleged temporary mutual departure we point out that "The question as to whether or not there has been a mutual intention, and in fact a mutual departure from the terms of an original contract, as comtemplated by [*Code* § 20-116], is ordinarily one of fact for determination by the jury." *Prothro v. Walker,* 202

Ga. 71 (1a) (42 SE2d 114). See *Powell v. Mars Oil Co.*, 214 Ga. 710, 711 (107 SE2d 208). Here under the evidence the trial judge was authorized to find that the requirements of a mutual disregard of contract were not present.

Even if the general work contract is not a part of the contract, the same result would be reached. For, giving consideration only to the proposal the rule is applicable: "When a contract fixes no time for performance, it is to be construed as allowing a reasonable time for that purpose; and what is a reasonable time is a matter of fact to be determined by a jury under all of the circumstances of the case." *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 695 (3) (58 SE 200). See *Williams v. Riley Drug Co.*, 34 Ga. App. 68 (128 SE 215); *Bancroft v. Conyers Realty Co.*, 63 Ga. App. 106 (10 SE2d 286); *Bryant v. Atlantic C. L. R. Co.*, 119 Ga. 607, 609 (46 SE 829); *Moxley v. Adams*, 190 Ga. 164, 165 (8 SE2d 525). Here the trial judge, as the trior of fact, had the duty to construe the contract with relation to the action of the parties in regard thereto. Thus, he had to determine whether the defendant's failure to complete the contract after repeated requests by the plaintiff constituted acting within a reasonable time or whether such failure would be a breach of the contract. The facts in this case were sufficient to support his finding.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*