127 Ga. App. 265 (1972)
193 S.E.2d 213
REDMAN DEVELOPMENT CORPORATION et al.
v.
WEST.
47382.
Court of Appeals of Georgia.
Submitted September 13, 1972.
Decided September 25, 1972.
Rehearing Denied October 11, 1972.
Smith, Cohen, Ringel, Kohler, Martin & Lowe, William G. Grant, for appellants.
Zachary & Segraves, J. Ed Segraves, for appellee.
EBERHARDT, Presiding Judge.
Richard L. West, d/b/a West Concrete Company, brought suit against Redman Development Corporation and others, alleging that West was a materialman engaged in the business of furnishing labor and materials for the improvement of real property; that a contract existed between West and Redman for the supply of materials and improvement to real property; that West complied with the contract insofar as he was permitted by Redman; that he had filed a lien on the property involved[1]; and that Redman was indebted to West in the sum of $31,447.62. Redman counterclaimed, alleging that West had breached the contract and that Redman had been forced to expend $14,624.24 to complete the work West had failed to do.
On the trial of the case before the court without a jury it developed that there were two contracts between the parties, one denominated "masonry contract" and the other "concrete contract." and that West's claim was partly for an amount he contended was owed on the two contracts and partly for an amount he contended he was entitled to have as compensation for work done at Redman's direction in addition to that called for by the contracts. The trial court found that Redman had breached the contracts; that the unpaid balances on the contracts, plus amounts due for the additional work, totaled $31,547.62 ($100 more than West claimed in his complaint); that Redman was entitled to a credit of $5,553.90 which the court found Redman had expended to complete the unperformed portion of the work covered by the contracts; and that defendants were accordingly indebted to West in the amount of $25,993.72, for which amount judgment was entered. In overruling Redman's motion for new *266 trial, the court recited the $100 mistake in the judgment and entered a new judgment for $25,893.72 without, however, formally vacating or setting aside the prior judgment. Redman and the other defendants appeal from both judgments and the order overruling the motion for new trial. Held:
1. One of the questions before the trial court was whether the contracts were breached by West or by Redman, and the trial court found that the termination of the contracts constituted a breach by Redman. Appellants have assigned no error on that finding and no question is now raised in that respect.
2. Appellants contend that there is no evidence in the record to support a judgment in favor of West in any amount whatsoever and that the evidence demands a judgment in favor of appellant Redman on its counterclaim. It is urged (a) that damages were not properly proved to authorize a recovery by West on the contracts and (b) damages were not properly proved to authorize recovery for the additional work. It will be observed that appellants must establish both propositions in order to prevail on the main contention that West was not entitled to recover at all.
(a) "The measure of damages for a contract not completed because of the fault of the opposite party is the difference between the contract price and the cost to complete the work plus sums expended by the contractor up to the time of the alleged breach. Herrman v. Conway, 83 Ga. App. 888 (65 SE2d 41)." Robertson v. Gore, 115 Ga. App. 537, 538 (154 SE2d 748). In such a case the breaching defendant is primarily liable for the contract price but is entitled to compel plaintiff contractor to credit defendant with amounts plaintiff saved from its cost of performance by reason of being relieved from further performance. Campbell & Co. v. Mion Bros., 6 Ga. App. 134, 135 (64 SE 571). While appellants concede that the evidence shows the contract prices, the payments made thereon, the items called for by the contracts which West did not *267 complete (retaining walls, patios, steps and sidewalks), and the amounts West testified that Redman was entitled to have as credits for the uncompleted items, it is urged that the amounts of the credits were arbitrarily arrived at by West. Even if that were true, however, Redman, in support of its counterclaim, submitted evidence as to the cost of completing the work covered by the contracts, and the trial court had ample evidence before it in this regard.
(b) Since appellants have not established proposition (a), it is unnecessary to consider proposition (b) with respect to testimony as to "approximate" costs of performing the additional work. See and compare Atlantic & B. R. Co. v. Howard Supply Co., 125 Ga. 478 (2a) (54 SE 530) (testimony that article is worth "about" a particular amount); Contractors Equipment Co. v. Essex Crane Rental Corp., 121 Ga. App. 184 (173 SE2d 270) ("guesstimate").
3. It is urged that even if a judgment for West in some amount was authorized by the evidence, nevertheless the judgment in the amount actually rendered is contrary to the evidence and without evidence to support it. Appellants demonstrate in tabular form, too lengthy to reproduce in detail here, that the contract prices, minus payments admitted by West, minus credit found by the trial court for work not done,[2] plus cost or value of the additional work,[3] equals $20,889.97, whereas the trial court had entered a corrected judgment in the amount of $25,893.72. Appellants, in accordance with rules of this court, make detailed references to the transcript which support the figures used in the calculation. West, while agreeing that the formula used by Redman for arriving at *268 the judgment is correct, and while conceding that the highest judgment which could be awarded under the evidence would be $20,889.97 if the figures used by Redman were correct, asserts that the figures are not based on undisputed facts and that the evidence authorized an even higher judgment in the amount of $30,252.60 However, West fails to support these assertions and to counter appellants' compelling demonstration of error by making proper argument and pagination references for supporting evidence which must be found in the lengthy transcript. In these circumstances it must be assumed that there is no evidence to support West's assertions, and the judgment must be reversed because of insufficiency of the evidence to support them. Veal v. Riner, 214 Ga. 539 (106 SE2d 26); Georgia Stainless Steel Corp. v. Bacon, 120 Ga. App. 239 (170 SE2d 270); Cincinnati, N. O. &c. R. Co. v. Hilley, 121 Ga. App. 196 (1) (173 SE2d 242); Zeeman Mfg. Co. v. L. R. Sams Co., 123 Ga. App. 99, 101 (179 SE2d 552).
4. Since both judgments are reversed for reasons stated above, it is unnecessary to decide whether the original judgment was effectively vacated or set aside by the entering of the corrected judgment.
Judgments reversed. Deen and Clark, JJ., concur.
NOTES
[1] The other defendants were the surety and guarantor on a bond to dissolve the lien filed by West.
[2] Appellants contend that the evidence demanded higher credits, but use the trial court's figure to demonstrate the inaccuracy of the judgment in any event.
[3] Contended by appellants to be insufficiently proved, but included by appellants to demonstrate the inaccuracy of the judgment in any event.