## 49383. GRAY v. NELSON IRRIGATION, INC.

CLARK, Judge.

In this action for breach of contract the sole issue presented on appeal is whether the evidence sufficiently supports the jury's verdict for loss of profits damages.

Nelson Irrigation, Inc. ("plaintiff") sued Jon R. Gray, d/b/a Gray Properties ("defendant") for breach of a contract under which plaintiff was to install an automatic sprinkler system for defendant. The agreed

contract price was $24,000. Plaintiff's suit sought $12,000 for loss of profits plus $1,880 which it alleged defendant owed plaintiff pursuant to a previous contract. After the jury returned a verdict in favor of plaintiff for $13,612 defendant moved for a new trial on the issue of damages. This motion was denied and the case is here for review. *Held:*

1. "In reviewing the assignment of error the court must consider all questions in the light of the following rules: The presumption is that the verdict was based on a fair consideration of all matters presented to it. McCullough v. Clark, 88 W. Va. 22 (2) (106 SE 61). This court must construe the evidence most strongly in favor of the verdict (*Martin v. Hutchinson,* 26 Ga. App. 24 (2), 105 SE 313), and 'must deal with the case in its most favorable light' sustaining the verdict (*Western & Atlantic R. Co. v. Ferguson,* 113 Ga. 708, 714, 39 SE 306, 54 LRA 802). All issues, having arisen on conflicting testimony, must be resolved in favor of the party prevailing in the verdict. Wiseman v. Ryan, 116 W. Va. 525 (182 SE 670). The court will not disturb a verdict where there is sufficient evidence to support it. *City of Thomasville v. Crowell,* 22 Ga. App. 383 (7) (96 SE 335); *Sheppard v. State,* 179 Ga. 615 (2) (176 SE 634)." *Western & Atlantic R. v. Mathis,* 63 Ga. App. 172, 173 (10 SE2d 457).

2. "A party who has been injured by a breach of contract can recover profits that would have resulted from performance, when their amount and the fact that they have been prevented by the breach of the defendant can be proved with reasonable certainty. Taylor Mfg. Co. v. Hatcher Mfg. Co., 39 F 440 (S. D. Ga. 1889); *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252, 254 (76 SE2d 536); 5 Corbin on Contracts 135, § 1022." *Carter v. Greenville Service Co.,* 111 Ga. App. 651, 652 (143 SE2d 1).

3. "Though there should not be reliance upon speculation and conjecture and the proof should be made with all possible specificity, it has been held in countless cases that reasonable certainty is all that is required. Compare *Bennett v. Associated Food Stores, Inc.,* 118 Ga. App. 711 (165 SE2d 581); *Atlantic & B. R. Co. v. Howard Supply Co.,* 125 Ga. 478 (54 SE 530); *Contractors*

*Equipment Co. v. Essex Crane Rental Corp.,* 121 Ga. App. 184 (173 SE2d 270). Of course the verdict or judgment may not be based upon speculation or conjecture, and thus the evidence must be such as to afford a fair basis for calculating the damages. *National Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725 (1) (72 SE 191); *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198). As was pointed out in these cases, however, it is not required that exact figures be afforded for the calculation." *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840 (2).

4. Application of the foregoing principles to the case at bar establishes that the evidence as to loss of profits is not based upon speculation and conjecture and meets the degree of certainty required by law. In fact, the testimony of plaintiff's executive officer clearly states the figures with exactness sufficient to meet the "reasonable certainty" requirement. We quote from his testimony as follows: "Q. Would you indicate to the ladies and gentlemen of the jury and the court what made up your cost on this job? A. I have listed the items worked at the time the contract was drawn up, the time I put the bid in for 'twenty-four thousand,' the material as listed by contract '8296,' labor and supervision, '2800,' truck and machinery, gas, oil, repairs, depreciation, $800.00, insurance $180.00, bond $192.00. . . Q. The total is $12,268.00? A. Yes." (T. 42-43). This computation of costs left a difference of $11,732 as profit. When this is added to the sum of $1,880 due pursuant to the prior contract, the jury's verdict is reconciled to the evidence. See *Nat. Health Ser. v. Townsend,* 130 Ga. App. 700, 702 (2) (204 SE2d 299).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 28, 1974 — DECIDED JULY 3, 1974 —
REHEARING DENIED JULY 26, 1974.

*Sutherland, Asbill & Brennan, Alfred C. Aman, Jr.,* for appellant.

*Harvey, Willard & Elliott, Wendell K. Willard, John W. Humes, Jr.,* for appellee.